UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HAMMOND, | ) | Case No.  5:06 CV 2339 |
| | ) | |
| Petitioner, | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| RICHARD GANSHEIMER, WARDEN, | ) | (Regarding ECF #1, 6) |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

William Hammond is a prisoner in state custody who filed a *pro se* petition for habeas corpus relief under 28 U.S. Code §2254 seeking to overturn his marijuana-trafficking conviction and eight year prison sentence.[1]   Respondent argues the habeas petition dated September 11, 2006, is untimely filed because a habeas corpus attack of a conviction in the state courts must be filed within one year after the conviction becomes "final" pursuant to 28 United States Code §2244(d)(1)(A).

---

[1]   Hammond raises three grounds for review:
  I.   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

  II.  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

  III. Denial of Effective Assistance of Counsel – Trial and Appellant (sic) counsel was (sic) ineffective when they failed to show evidence of the violations of my 4th Amendment rights to search and seizure.  Also they were ineffective when they held exculpatory evidence to support that fact (Traffic citation falsely issued to obtaine (sic) evidence.

(Petition at 5-6, ECF #1).

5:06 CV 2339                                                    2

²  Under §2244(d)(1)(A) the "1-year period of limitation" begins to run at the conclusion of direct review.

    Hammond timely appealed and his conviction was affirmed on January 18, 2005. See *State v. Hammond*, 2005 WL 121678, 2005 - Ohio - 225 (Ohio App. 5 Dist.). Hammond had 45 days, until March 4, 2005, to file a timely appeal to the Ohio Supreme Court (See Ohio S.Ct. Prac. R. II, § 2(A)(1)(a); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001), *cert. denied*, 534 U.S. 90 (2001); *Gaston v. State of Ohio*, 27 Fed. Appx. 301, 305 (6th Cir. 2001) (unpublished opinion). Following the expiration of time for concluding state appellate review, his conviction became final and the

---

   ² 28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

5:06 CV 2339                                                    3

statute of limitations began running with March 5, 2005.[3]  The 1-year limitation period ran for 287 days until December 17, 2005, when Hammond filed his motion for delayed appeal in the Ohio Supreme Court.  Motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. §2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C. §2244(d).  See *Searcy v. Carter*, 246 F.3d at 519; *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).  That action tolled the statute of limitations until February 9, 2006, when the Ohio Supreme Court denied the motion.  See *State v. Hammond*, 100 Ohio St.3d 1434, 842 N.E.2d 61 (Table 2006).  Since 287 days had previously elapsed, Hammond had 78 days remaining of the one year limitations period until April 28, 2006 to file a federal habeas petition.  Hammond's habeas petition, dated September 11, 2006 was filed well over four months after the statute of limitations had expired.[4]

Hammond responds claiming that his untimeliness should be excused due to ineffective assistance of counsel.  He claims that appellate counsel did not advise him of any options after his direct appeal was denied but instead "was left to figure things out on his own, with no knowledge of the rules of law."  Hammond also claims that the Ohio Public Defender, who represented him in his motion for delayed appeal to the Ohio Supreme Court, mislead him about his federal habeas options.

---

[3]  Alternatively, under 28 U.S.C.§2244(d)(1)(D), the calculation of timeliness commenced with discovery of the factual predicate for Hammond's third ground of appellate counsel's ineffectiveness, which presents a cognizable claim which would not have been discovered until the January 18, 2005 state appellate decision.  See, *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).  This alternate date is less favorable to Hammond than the date direct review concluded.

[4] No additional 90 day period for filing writ of *certiorari* to the Supreme Court of the United States follows.  See *Allen v. Bell*, 2007 WL 2962586 *n1 (6th Cir. 2007) (90 day period following denial of post-conviction review in *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003) overruled by *Lawrence v. Florida*, - U.S. -, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007)).

5:06 CV 2339                                              4

Hammond, though, had not received poor legal advice from the public defender. The central issue in contention at his trial and on appeal was the seizure of duffel bags containing marijuana from the rental car he was driving. See *Hammond*, 2005 WL 121678 at ¶¶1-11. His motion to suppress this evidence was denied and the trial court's denial was the sole issue challenged on appeal. *Id.*, at ¶¶11-20.

The public defender correctly advised Hammond by letter dated February 9, 2006 that pursuant to *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), where the State has provided defendant with a full and fair opportunity to litigate a Fourth Amendment claim, there is no basis for federal habeas corpus review (Traverse, Ex. A, ECF #8-2).

Full and fair opportunity requires both adequate state procedural mechanism for this review and fulfilment of this mechanism, and the Ohio procedural mechanism is adequate in the abstract to review Fourth Amendment claims. *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). The sole remaining issue is whether the presentation of a challenge to the search and seizure of evidence was frustrated because of a failure in the procedural mechanism. See *Riley v. Gray*, 674 F.2d at 526; *Machacek v. Hofbauer*, 213 F.3d at 952. Hammond exercised the state judicial review procedures on this claim, so he cannot establish he was prevented from litigating his suppression claims. See *Riley*, 674 F.2d at 526; *Machacek*, 213 F.3d at 952.

The prohibition against review of claims brought under the Fourth Amendment does not extend to Sixth Amendment claims of ineffective assistance of counsel for failure to challenge

5:06 CV 2339                                    5

evidence obtained in searches and seizures conducted in violation of the Fourth Amendment.  See *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).  However, the search and seizure of the evidence from the vehicle driven by Hammond was challenged both at trial and on appeal.  Hence there is no factual or legal foundation for Hammond's third ground.[5]

   Hammond next blames the public defender for not pursuing an Ohio R App. P. 26(B) application to reopen appeal based on ineffective assistance of appellate counsel and then not notifying Hammond that the public defender decided to forego this procedure until the habeas limitation period had lapsed.  The public defender did inform Hammond by letter dated June 23, 2006, that this procedure would be a futile act.  (Traverse, Ex. B, ECF #8-2).

*Equitable Tolling:*

   Respondent argues that Hammond is attempting to argue for equitable tolling to excuse late filing by four months. "Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Griffin v. Rogers,* 399 F.3d 626, 631 (6th Cir.2005) quoting, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.2004), *cert. denied*, 125 S.Ct. 200 (2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir.2001), *cert. denied*, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001)). Equitable tolling requires the Court to consider several factors in assessing the reasonableness of a petitioner's ignorance of the requirement of timely filing.  See *Dunlap v. U.S.*,

---

[5] At this point it just might as well be said that there is not merit to Hammond's three grounds due to the constraints imposed on federal collateral review under *Stone* and *Kimmelman*.

5:06 CV 2339                                          6

250 F.3d at 1008; *Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d at 401. "[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when, 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).[6] Hammond, though, bears the burden of establishing entitlement. See *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002); *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Keenan*, 400 F.3d at 420.

Hammond has alleged that he was unaware of §2244(d)'s limitation period, but he has not shown that his ignorance of the legal requirement to file his claim was reasonable; or that he was diligent in allowing four months to lapse. Hammond blames the delay on counsel. As a general rule, counsel's mistakes do not relieve a petitioner from the statute of limitations in a non-capital case. See *Allen*, 366 F.3d at 403; *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)(counsel unintentionally misled petitioner); *Whalen v. Randle*, 37 Fed. Appx. 113, 120, 2002 WL 409113 (6th Cir. 2002) (improper advice of counsel). Hammond has not shown that either of the two attorneys can or should be blamed for untimeliness in filing his federal habeas petition or did anything

---

[6] In determining whether to allow equitable tolling, the Court must consider the *Andrews* factors: petitioner's lack of notice of the filing requirement; petitioner's lack of constructive knowledge of the filing requirement; diligence in pursuing one's rights; absence of prejudice to the Respondent and the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. *Dunlap*, 250 F.3d at 1008, citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). However, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d at 605; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004).

5:06 CV 2339                                        7

incorrect that caused his untimeliness. They, however, did not advise him that there was a filing deadline.

This leads to Hammond's other reason that he "was left to figure things out on his own." An inmate's lack of legal training, poor education and even illiteracy does not provide reason to toll the statute of limitations or excuse late filing. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003)). "Ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d at 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991)). "Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations period." *Griffin*, 399 F.3d at 636.  Moreover, while Hammond may have lacked actual knowledge of the timely filing requirement, he had constructive knowledge through §2244(d) itself. *Allen v. Yukins*,  366 F.3d at 402-03.

As for diligence, Hammond offers only his ignorance of the law.  Even a petitioner's lack of counsel and 1 month placement in solitary confinement did not excuse lack of diligence in pursuing his claims, though. See *Dixon v. Ohio*, 81 Fed. Appx. 851 (6th Cir. 2003).Hammond's exhibit "A" shows that he was aware in February 2006 of possible legal recourse through federal habeas corpus. Although counsel dissuaded him from this legal procedure, Hammond presents nothing to explain the delay from February to September, 2006.

5:06 CV 2339                                                    8

Respondent has not been prejudiced by the delay, but "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Vroman*, 346 F.3d at 605; *Allen*, 366 F.3d at 404.

Finally, however, there is the question of whether Hammond is innocent.  The Sixth Circuit has determined in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), as an issue of first impression, that a credible claim of actual innocence will equitably toll the §2244(d) limitations period.  *Id.*, at 508-596.  None of Hammond's arguments demonstrate actual innocence.  Actual innocence means "factual innocence not mere legal insufficiency."  *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

## *CONCLUSION AND RECOMMENDATION*

For the foregoing reasons, respondent's motion to dismiss for untimeliness should be granted (ECF # 6), and William Hammond's petition filed under 28 U.S.C. §2254 should be dismissed due to untimeliness pursuant to 28 U.S.C. §2244(d).

                                                        s/James S. Gallas
                                                    United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: December 21, 2007